UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISAIAS PERALTA,<br><br>                    Plaintiff,<br><br>        v.<br><br>CAPTAIN HARDLY,<br><br>                    Defendant. | NO. C10-1658-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

*Pro se* plaintiff Isaias Peralta, proceeding *in forma pauperis* ("IFP"), missed the Court's November 26, 2010, deadline to amend his 42 U.S.C. § 1983 civil-rights complaint to address fatal deficiencies and missed the Court's January 10, 2011, deadline to show cause why this matter should not be dismissed for failure to state a claim, for failure to prosecute, and for failure to comply with the Court's orders. On January 13, 2011, plaintiff moved "to pause" sending any documents to him until further notice or the prison returns his personal property. (Dkt. 10.) The Court **DENIES** the motion for miscellaneous relief (Dkt. 10) and recommends that this matter be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). This dismissal constitutes a plaintiff's **sixth strike** under 28 U.S.C. § 1915(g).

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Plaintiff is presently incarcerated at Washington Corrections Center in Shelton, Washington. Defendant is Captain Hardly, a corrections officer at the Regional Justice Center ("RJC") in Kent, Washington. Plaintiff alleges that while he was being detained at RJC, "guards on duty" inflicted cruel and unusual punishment by not allowing him to have his "hour out" or honoring requests to shower. (Dkt. 1-1, at 3.) The only allegation plaintiff makes about Captain Hardly in particular is that "the captain come by but he simply look[ed] at me like about 2 secon[d]s and then he ignore[d] me, I called him to try to report the abuse from the guards at D.D.L[.]" (*Id.*) Plaintiff seeks only injunctive relief: he asks the court to replace Captain Hardy with his superior officer Wright because Officer Wright has "people management skills." (*Id.* at 4.)

The Court declined to serve plaintiff's complaint but granted him leave to amend by November 26, 2010. (Dkt. 7.) The Court highlighted the complaint's deficiencies, stated that the amended complaint would serve as a complete substitute for the complaint, and noted that his failure to amend the complaint might lead to a recommendation that this matter be dismissed for failure to state a claim upon which relief may be granted. (Dkt. 7, at 2.) When plaintiff failed to file an amended complaint, the Court issued a show-cause order granting him until January 10, 2011, to explain why this matter should not be dismissed. (Dkt. 9.) The Court *sua sponte* ensured that the docket listed plaintiff's present place of incarceration. No mail has ever been returned as undelivered. Plaintiff did not amend his complaint and did not respond to the show-cause order by the January 10, 2011 deadline.

On January 13, 2011, plaintiff moved "to pause," i.e., to have the Court cease any communication with him until further notice or until the prison returned his property. (Dkt. 10, at 2.) Plaintiff contends that since December 3, 2010, he has been without one-third of his legal papers and personal property. (Dkt. 10, at 2.) He alleges that he is presently "in the Hole, under order of the Prosecutor, without paper to write, envelopes, pen, and no acces[s] to

REPORT AND RECOMMENDATION - 2

the district court, law library, and my other papers and addresses." (Dkt. 10, at 2.) The suggestion that has been impeded from accessing the legal system since December 3, 2010, and cannot respond now is contradicted in a number of ways. First, plaintiff handwrote his motion and envelope and the Court received his papers five days after he signed them. Second, in a notice dated December 6, 2010, plaintiff filed a change of address. Dkt. 10, *Peralta v. Cowan*, C10-1611-JCC (W.D. Wash. Dec. 10, 2010). Third, on December 7, 2010, plaintiff mailed an unrelated civil-rights complaint that remains pending. *Peralta v. RJC Facility*, C10-2046-JCC-JPD (W.D. Wash., filed Dec. 20, 2010). Fourth, on December 9, 2010, he also managed to file a notice of appeal in another matter. Dkt. 11, *Peralta v. Regional Justice Center*, C10-1563-RSL (W.D. Wash. Dec. 9, 2010).

Within a very short time, plaintiff has had five civil-rights complaints in the Western District of Washington dismissed for failure to state a claim and has thus incurred five strikes under 28 U.S.C. § 1915(g). *See Peralta-Reyes v. Law Office of the Defender Ass'n*, C10-456-RAJ (W.D. Wash., closed July 16, 2010); *Peralta-Reyes v. Office of Public Defender*, C10-1420-TSZ (W.D. Wash., closed Nov. 19 2010); *Peralta-Reyes v. Kent Regional Justice Center*, C10-1421-JLR (closed Oct. 22, 2010); *Peralta v. Regional Justice Center*, C10-1563-RSL (W.D. Wash., closed Dec. 6, 2010); *Peralta v. Cowan*, C10-1611-JCC (W.D. Wash. closed Jan. 5, 2011). In addition to the present matter, plaintiff has five other civil-rights complaints pending. *See Peralta-Reyes v. Morikawa*, C10-317-JCC-BAT (W.D. Wash., filed Feb. 23, 2010); *Peralta v. Gusman*, C10-1454-TSZ (W.D. Wash., filed Sept. 8, 2010); *Peralta v. RJC*, C10-1891-MJP-JPD (W.D. Wash., filed Nov. 18, 2010); *Peralta v. State of Washington*, C10-1892-MJP-MAT (W.D. Wash., filed Nov. 18, 2010); *Peralta v. RJC Facility*, C10-2046-JCC-BAT (W.D. Wash., filed Dec. 20, 2010).[1]

---

[1] Plaintiff's 28 U.S.C. § 2254 habeas petition has also been dismissed without prejudice for failure to exhaust state-court remedies. *See Peralta v. United States*, C10-1890-MJP (W.D. Wash., filed Nov. 18, 2010).

REPORT AND RECOMMENDATION - 3

**DISCUSSION**

Plaintiff states no reasons for having missed the November 26, 2010, deadline by which to file an amended complaint. The Court rejects as patently incredible plaintiff's contention that since December 3, 2010, he has faced serious impediments to accessing the legal system given his present motion and his other litigation activities. The Court therefore denies his motion for miscellaneous relief. The Court also recommends dismissing this matter with prejudice for failure to state a claim upon which relief may be granted.

In order to sustain a civil rights action, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's complaint should be dismissed based on two fatal deficiencies. First, plaintiff does not set forth specific facts demonstrating that Captain Hardly personally participated in causing him any harm of constitutional dimension. It is unclear what plaintiff attempted to communicate to Captain Hardly, what the purported abuse entailed, who was involved in the alleged abuse, and when the events took place. Second, plaintiff seeks relief that this Court does not have the authority to grant. This Court is not empowered to direct the hiring, firing, and replacement of corrections officers. Given a patently meritless complaint, plaintiff's abusive litigation practices, and his failure to respond to two court deadlines in this matter, it is clear that granting plaintiff leave to amend his complaint would be futile. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that a *pro se* litigant should be afforded the opportunity to amend the complaint unless "it is absolutely clear that no amendment can cure the defect").

## CONCLUSION

The Court **DENIES** plaintiff's motion for miscellaneous relief. The Court recommends that this matter be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). This dismissal constitutes plaintiff's **sixth strike** under 28 U.S.C. § 1915(g).

DATED this 20th day of January, 2011.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5